THE PEOPLE EX REL. HART, RELATOR, v. ANDERSON, RESPONDENT.

FACT CASE.
Upon consideration of the evidence, the court finds that in the matters complained of the respondent acted in the utmost good faith and that the charge against him is not true.

*Original Proceeding for Disbarment.*

Mr. S. B. BERRY, for relator.

Mr. CLAY B. WHITFORD and Mr. H. A. LINDSLEY, for respondent.

PER CURIAM. The relator brings this proceeding to disbar respondent for alleged misconduct in his office of attorney.

She alleges, in substance, that in the month of January, 1890, she indorsed and placed in his hands for collection certain notes; that he collected the same, and neglects and refuses to pay over to her the money so collected. Respondent, in his return to the rule to show cause, etc., denies that the notes in question were delivered to him by relator, except three thereof, aggregating the sum of $75.00, which sum he collected and paid to relator; that the other of said notes were delivered to him by the husband of relator in pursuance of a transaction between them, and that, as owner, he collected the latter and retained the proceeds, as he had a right to do.

Without noticing in detail the terms of the contract under which respondent claims title to the notes, or the testimony introduced upon the hearing, suffice it to say that upon a careful consideration of the entire evidence, we are clearly satisfied that the notes in question were not delivered to respondent by relator for collection, as she alleges, but were sold and delivered to him by relator's husband, for an adequate consideration, under circumstances that would indicate a knowledge and consent on the part of relator, and that certainly show the utmost good faith on the part of respondent. We find that the charge against respondent is not true. The rule is therefore discharged, and the proceeding dismissed.

*Dismissed.*